PER CURIAM:
The claimant brought this action for personal injuries, wage loss and damage to her vehicle which she alleges occurred as a result of a rock fall on a road maintained by the respondent in Harrison County. While sympathetic to the claimant’s situation, the Court is constrained by the law and the evidence to deny the claim as stated more fully below
The incident giving rise to this claim occurred on December 27, 1996, at approximately 10:40 p.m. The claimant was driving a 1987 Pontiac Grand Am southbound on US Route 19 near Clarksburg just south of West Fork Road. US Route 19 southbound in this vicinity is a winding, two-lane paved road that curves to the right. The speed limit is 45 miles per hour. There is a steep high wall on the west side of the road, adjacent to the claimant’s lane. It is a known rock fall area, and there is a Falling Rock warning sign for southbound traffic approximately 890 feet before the accident site.
The evidence adduced at hearing was that as the claimant proceeded around the curve, she simultaneously encountered a large boulder in the middle of her lane of traffic and an oncoming vehicle in the northbound lane of traffic. The claimant’s vehicle struck the rock and flipped over onto its roof. The vehicle was declared a total loss. The claimant suffered pain in her neck, shoulder and left arm. She had to wear a neck brace and could not use her left arm for approximately five days, but she apparently did not sustain permanent injuries. She has alleged *169 medical costs in the approximate amount of $1,500.00. The claimant, a private duty nurse, also alleged wage loss in the amount of approximately $262.52.
The rock in question was described as approximately the size of a small desk. The respondent’s right of way extends 20 feet on each side of the center line. Each lane of traffic is 11 feet wide. The rock fell from the high wall, just outside the respondent’s right of way. This high wall had been maintained by CSX railroad, which has a rail line running along the top of the high wall. The claimant testified that she was driving between 35 and 40 miles per hour and was unable to see the rock in time to prevent the collision. It was the claimant’s position that the respondent failed to take adequate measures to warn motorists of the rock fall hazard, or to prevent rocks from falling into the road.
The evidence indicated that there had been a debris slide in the area in June 1996. The respondent’s position was that such slides tended to accumulate in the berm. The “Falling Rock” warning sign had been in this location since at least 1994. The respondent was not informed of this particular rock fall until approximately 11:00 p.m., after the claimant’s accident.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). The doctrine that this Court has adopted consistent with Adkins is that liability for road defects will not be imposed unless the claimant establishes that the respondent had actual or constructive notice. With regard to falling rocks, the Court has held that the unexplained falling of a rock onto a road, without a positive showing of negligence on the part of the respondent, is insufficient to justify an award. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1986). The vast majority of rock fall claims decided by this Court have been disallowed based upon this doctrine. Dimmick vs. Division of Highways, (CC-96-561), unpublished opinion issued May 29, 1998.
The Court, after review of the evidence, is of the opinion that there is insufficient evidence of negligence upon which to justify an award. The respondent installed a sign warning of rock fall hazards. The respondent had no prior notice of this particular rock fall, and there does not appear from the evidence to be a pattern of multiple repeated rock fall incidents posing immediate danger to the traveling public. Mountainous terrain, narrow winding roads, and rock fall hazards are common in West Virginia. The Court is of the opinion that the respondent took reasonable steps to advise motorists of the potential for rock falls in this area. In view of the foregoing, the Court does hereby deny the claim.
Claim disallowed.